# CIRCUIT COURT OF THE CITY OF RICHMOND

Frances Boynton,
Cheryl L. French,
Jerry W . Ham,
Yi-Jer Huang,
Bonita B. Keller,
Carolyn Lumpkin,
Rhonda McGarvey,
Terry Noziglia,
Sandra B. Riggs,
Elsonia P. Ryan,
William Siegfried,
and Sherie F. Sensabaugh

     v.

Jerry W. Kilgore,
Attorney General of the
Commonwealth of Virginia,
and David A. Von Moll,
Comptroller of the
Commonwealth of Virginia

January 28, 2005

Case No. LS-1180-1

BY JUDGE MELVIN R. HUGHES, JR.

This case is before the court again on defendants' Demurrer. This time after a previous Demurrer was sustained and leave was granted to plaintiffs to file an Amended Motion for Judgment, upon such filing, the defendants have again filed a Demurrer.

The case involves a claim by several state employees to severance benefits under the Worker Transition Act (WTA), Va. Code § 2.2-3203, *et seq.* On the first Demurrer, the court ruled in a letter opinion dated August 27, 2004, that plaintiffs, all Office of Attorney General employees; were not covered by the WTA because severance benefits provided extend only to those covered by the Virginia Personnel Act (VPA), Va. Code § 2.2-2400, et *seq.* The court ruled that the VPA does not cover plaintiffs in their employment. The basis for the ruling was that the Office of Attorney General is not under the authority of the Governor of Virginia as to personnel matters under the VPA.

As coverage under the WTA is dependent on coverage of the VPA, the parties agree that eligibility depends on whether the VPA applies. The VPA exempts from coverage "officers and employees for whom the Constitution specifically directs the manner of selection." Va. Code § 2.2-2905(1). Plaintiffs contend that, since the Virginia Constitution does not direct their appointments to employment, they are not exempt from the VPA and are therefore eligible for severance benefits. Plaintiffs continue to maintain that they are all full-time employees whose positions are covered by the VPA; defendants continue to maintain that they are not.

In the Amended Motion for Judgment, plaintiffs allege that the Virginia Constitution makes no mention of employees of the Attorney General and that the duties of the office are prescribed by statute, not the Constitution. The amended pleading also states that the Attorney General is not the sole authority, on benefits for employees of the office. Rather, things like workers compensation, health insurance, and unemployment benefits extend to Attorney General employees and are not dependent on the Attorney, General's sole authority in the selection and, management of his employees. Thus, plaintiffs maintain, Attorney General employee entitlements are not all subject to the control of the office and they are not to the severance benefits at issue here.

Against plaintiffs' reassertion of the plain meaning interpretation of the exemption provision is a well known proposition: that the Office of the Attorney General is recognized as separate in state government, whose employees in their selection, promotion, and classification are not directed by the Governor through his authority over personnel matters. The Governor can trace his authority as to state employees generally to the VPA, in his capacity of Chief Personnel Officer of the Commonwealth, wherein he is required to

"direct the execution of [the VPA]." Va. Code §§2.2-103(B). But this does not extent to all state agencies.

The court must continue to recognize the autonomy of the Attorney General in personnel matters as stated in the earlier ruling. What the disputed exemption must mean is that it a lies to all officers and employees for whom the Constitution directs the selection as to the Attorney General himself and, necessarily, all within his employ.

The Virginia Constitution has no provision governing the selection of "employees." What selection process that is mentioned applies only to officeers like the Governor, Va. Const. Art., V, § 21 (election of Governor), Lieutenant Governor, Va. Const. Art. V., § 13 (election and qualifications), Attorney General, Va. Const. Art. V, § 15 (election), Judstices and Judges, Va. Const. Art. VI § 7 (election and qualification of judges), county and city officers, Va. Const. Art. VII, § 4 (commonwealth's attorney, treasurer, sheriff, circuit court clerk, commissioner of revenue). In addition to the disputed exemption in Va. Code § 22-2905 (1), the section lists twenty-four other exemptions from the VPA, e. g. under (2), officers and employees of the Supreme Court and the Court of Appeals, (7) officers and employees of the General Assembly, (13) employees of the Virginia Workers' Compensation Commission. There is no specific exemption naming the Attorney General and his employees. Notwithstanding, when the General Assembly applies a VPA exemption to the employees of other agencies and the disputed exemption in (1) is considered — Officers and employees for whom the Constitution specifically directs the manner of selection — "officers" Includes, of course, the Attorney General and, derivatively, any of his employees appointed to work for him. In the wording of the listed exemptions, the General Assembly uses the term "employees" in other respects to cover exemptions for the other state agencies. It has otherwise manifested an intent that employees of state constitutional officers are. exempt from the VPA, including those of the Attorney General.

So, the court will continue to endorse the view that, without coverage of the VPA extending to them, plaintiffs are not eligible to the severance benefits allowed by the WTA. Accordingly, the demurrer to plaintiffs' Amended Motion for Judgment is sustained.

This Demurrer is sustained without leave to amend. Mr. Guy Horsley can provide a suitable draft for order wherein plaintiffs' objections are noted which sustain the demurer and dismiss this action with prejudice.